IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TAPAL SARKER,<br><br>    Plaintiff,<br><br>v.<br><br>TRUMP ENTERTAINMENT RESORTS, INC., | Civil No. 10-4243 (JHR/JS) |

## JOINT FINAL PRETRIAL ORDER

The following shall constitute the Final Pretrial Order pursuant to Rule 16, Federal Rules of Civil Procedure. This Final Pretrial Order shall govern the conduct of the trial of this case. Amendments to this Order will be allowed only in exceptional circumstances to prevent manifest injustice. See Fed. R. Civ. P. 16(e). Counsel are urged to move to amend in a timely fashion any portion of the Order that must be changed or modified between the filing of the Order and the trial date.

**APPEARANCES:**

For Plaintiff:

John P. Mueller, Esquire
ANSA ASSUNCAO, LLP
Two Tower Center Blvd., Suite 1600
East Brunswick, New Jersey 08816-1100
Phone: (732) 993-9850
Email: john.mueller@ansalaw.com

For Defendant:

Russell L. Lichtenstein, Esquire
Amy E. Rudley, Esquire
Cooper Levenson April Niedelman & Wagenheim, P.A.
1125 Atlantic Avenue
Third Floor
Atlantic City, New Jersey 08401
Phone (609)572-7676
Facsimile (609)572-7677
Email:  rlichtenstein@cooperlevenson.com
        arudley@cooperlevenson.com

## PART I.     JURISDICTION and BRIEF SUMMARY OF THE CASE:

The parties do not dispute jurisdiction. Jurisdiction is based upon federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff's claims arise under the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

**Plaintiff's Summary of the Case:**

Plaintiff Tapal Sarker ("Plaintiff") is a former employee of Defendant Trump Entertainment Resorts, Inc. d/b/a Trump Plaza Hotel and Casino ("Trump Plaza"). Plaintiff alleges that Trump Plaza interfered with his FMLA leave, and he was unlawfully terminated for taking this leave for a serious health condition.

On May 1, 2006, Plaintiff was hired by Trump Plaza as a bar helper. In accordance, with Trump Plaza's employment policies, Plaintiff was approved for a personal leave of absence from January 2, 2009 to March 16, 2009 to visit family members in Bangladesh. Plaintiff became ill during his visit, and faxed a Certification of Health Care Provider form ("Certification") to Trump Plaza's Human Resources department on March 12, 2009. The form was prepared by a physician Dr. Shanka Greeb Sarker, M.B.B.S., who diagnosed Plaintiff with enteric fever and indicated that Plaintiff would not be able to return to work until May 10, 2009. Appreciating that Plaintiff was in Bangladesh, Trump Plaza nonetheless sent a series of letters to Plaintiff's residence in Atlantic City, New Jersey. These letters requested additional information about Plaintiffs' health condition, and ultimately informed Plaintiff that he was terminated as Trump Plaza considered his absence a "voluntary resignation."

Plaintiff returned to the United States on May 2, 2009, and was confronted with the correspondence from Trump Plaza. Plaintiff brought his Certification to his supervisors at Trump Plaza had he was informed he was fired. Plaintiff filed suit on August 18, 2010.

Defendant's Summary of the Case:

This matter arises out of the plaintiff's termination from his position at Trump Plaza where he worked as a bar porter. Plaintiff was approved for a period of personal leave from his position, pursuant to a personal leave program offered by Trump Plaza. Plaintiff was traveling to his home country of Bangladesh to visit with his wife.

Plaintiff was expected to return to work on March 17, 2009. Plaintiff made travel arrangements for this trip prior to his departure with a return date substantially later than his anticipated return to work date.

Plaintiff faxed to Trump Plaza a partially illegible Certification of Health Care provider on March 12, 2009, indicating that he was suffering from enteric fever. This Certification was completed by Dr. Shanka Greeb Sarker. The Certification indicated that the plaintiff was requesting leave in accordance with the Family Medical Leave Act and this Certification delayed his return to work until May 10, 2009.

Trump Plaza will prove that the plaintiff made all of his travel arrangements prior to his departure from the United States, including a return ticket arriving substantially after his expected return to

work date with a plan to fraudulently file for Family Medical Leave time. Plaintiff had previously acted in a similar manner with respect to the extension of leave while visiting Bangladesh.

Correspondence was sent to Plaintiff alerting that a complete and legible Certification was required. Plaintiff made no contact with Trump Plaza to ascertain the status of his FMLA leave request. Plaintiff failed to supply Trump Plaza with the requested information, did no return to work as scheduled via his approved personal leave of absence, did not contact Trump Plaza in any manner until his return from Bangladesh in May 2009, and was terminated.

### PART II.   STIPULATED FACTS:

1. On May 1, 2006, Plaintiff was hired by Trump Plaza as a bar helper.
2. Trump Plaza is a covered employer under the FMLA.
3. Trump Plaza approved Plaintiff's request for a personal leave of absence from January 2, 2009 to March 16, 2009 to visit family members in Bangladesh.
4. Plaintiff was scheduled to return to work, following this personal leave of absence, on March 16, 2009.
5. When Plaintiff was terminated, he made $8.26/hr. and worked 40 hours a week.

### PART III.   EACH PLAINTIFF'S CONTESTED FACTS:

1. Plaintiff has stated an FMLA qualified reason for the leave.
2. Plaintiff was eligible for 12 weeks of FMLA leave at the time he requested FMLA leave
3. Plaintiff suffered from a "serious health condition."
4. Certification of Health Care Provider form was signed by a physician Dr. Shanka Greeb Sarker, M.B.B.S., who diagnosed Plaintiff with enteric fever and indicated that Plaintiff would not be able to return to work until May 10, 2009.
5. Trump Plaza received a Certification of Health Care Provider form dated March 10, 2009 regarding Plaintiff.
6. By letter dated April 9, 2009, Trump Plaza terminated Plaintiff's employment, effective March 28, 2009.
7. Plaintiff provided appropriate notice to Trump Plaza as soon as it was practicable.
8. Trump Plaza did not contact Dr. Shanka Greeb Sarker in order to clarify and authenticate the Certification.
9. Trump Plaza did not contact Plaintiff by phone, nor did it attempt to contact any of Plaintiff's emergency contacts by phone.
10. Trump Plaza did not send Plaintiff a FMLA eligibility notice.
11. Trump Plaza did not send Plaintiff a "rights and responsibilities" notice.
12. Trump Plaza did not send an FLMA designation notice.
13. Trump Plaza's conduct discouraged Plaintiff from taking FMLA leave.
14. Trump Plaza did not provide notice detailing the specific expectations and obligations of Plaintiff before it terminated him.
15. Trump Plaza did not provide Plaintiff a reasonable opportunity to cure any deficiency in his FLMA notice.

3

16. Trump Plaza intentionally and consciously sent correspondence to Plaintiff's U.S. residence knowing that he was out of the country.
17. Plaintiff intends to prove that Plaintiff's airline ticket with a departure date of January 1, 2009 and a return date of May 1, 2009, was not fraudulent.
18. Plaintiff intends to prove that he mitigated his damages by seeking suitable and alternative employment.
19. Trump Plaza has refused to allow Plaintiff to return to his job, or offer an equivalent position.
20. Plaintiff intends to prove that he is entitled and lost back pay since the date of his termination.
21. Plaintiff intends to prove that he suffered embarrassment, humiliation and emotional distress as a result of Trump Plaza's termination.

## PART IV.    EACH DEFENDANT'S CONTESTED FACTS:

1. In November 2008, Plaintiff purchased an airline ticket with a departure date of January 1, 2009 and a return date of May 1, 2009.
2. Plaintiff took with him to Bangladesh a Certification of Health Care Provider form from the Trump Plaza benefits department.
3. Plaintiff took with him to Bangladesh the facsimile number for the Trump Plaza benefits office for the service of a Health Care Provider form.
4. Plaintiff did, in fact, send a Health Care Provider form to Trump Plaza benefits' office via facsimile.
5. Trump Plaza attempted to contact Plaintiff via Certified and regular mail to alert as to an issue with his Certification of Health Care Provider form and to request the full completion of such a form.
6. Plaintiff did not contact the Trump Plaza benefits department to confirm whether the Certification of Health Care Provider form was received or whether any additional action was needed by him to effectuate approval of his leave request.
7. Plaintiff did not supply Trump Plaza with any mechanism to contact him while in Bangladesh regarding the paperwork necessary to approve a leave.
8. Plaintiff did not supply any additional documentation to Trump Plaza regarding his request for leave.
9. Plaintiff did not return to Trump Plaza until early May 2009.
10. Plaintiff was told that his supervisor was not at work, but that he should return to speak with her regarding the situation.
11. Plaintiff never returned to Trump Plaza, as instructed, to speak with his supervisor regarding the situation.
12. In 2007, Plaintiff took a period of leave to care for his father from October 31, 2007 through January 9, 2008.
13. Plaintiff's father was in Bangladesh in 2007 and 2008.
14. While in Bangladesh in early 2008, Plaintiff requested FMLA leave from January 10, 2008 through April 13, 2008, as a result of his allegedly contracting typhoid fever.

4

15. From January 10, 2008 through April 13, 2008, Plaintiff remained in Bangladesh.
16. Dr. Shanko Greep Sarker completed the Certification of Health Care provider form in 2008 on behalf of Plaintiff.
17. Plaintiff obtained employment with Peanut World on July 14, 2008 as a parking lot attendant earning between $7.15 and $7.25 per hour, in addition to overtime.
18. Plaintiff quit his position at Peanut World in October 2009 to return to Bangladesh to care for his wife who was having a C-section delivery of their child.
19. Plaintiff did not depart the United States until November 30, 2009.
20. Plaintiff's child was born in December 2009.
21. This child was conceived in early 2009.
22. Plaintiff was not seeking employment from November 30, 2009 through March 5, 2010.
23. Plaintiff was not seeking employment from January 11, 2011 through April 11, 2011.
24. Plaintiff is currently working for Harrah's in Atlantic City.
25. Plaintiff believes he was terminated because those at Trump Plaza do not like him.

**PART V.** **WITNESSES and SUMMARY OF TESTIMONY:**

    A.    Plaintiff's Witnesses and Summary of Their Testimony

        1.    Tapal Sarker
              204 North Texas Avenue
              Atlantic City, New Jersey 08401
              Mr. Sarker will testify about liability and damages.

        2.    Cheryl Brantley
              Trump Plaza
              Director of Employee Relations
              c/o Cooper Levinson

              Ms. Brantley or her equivalent will testify as to the policies and procedures for requesting FMLA leave at Trump Plaza during the pertinent time period.

    B.    Defendant's Witnesses and Summary of Their Testimony

        1.    Jennifer Nikander, former Beverage Manager, Trump Plaza.
              259 Mattix Run, Absecon, New Jersey.
              Ms. Nikander will testify as to her communication with Plaintiff, her attempts to contact Plaintiff, her decisions and the reasons for her decisions with respect to his employment, as well as the policies and procedures of Trump Plaza.

2. Heather Heider, Trump Plaza.
Ms. Heider will testify as to her communication with Plaintiff, her attempts to contact Plaintiff, her involvement in decisions and the reasons for her decisions with respect to his employment, as well as the policies and procedures of Trump Plaza.

3. Christine McAllister, former Benefits/Data Coordinator, Trump Plaza. Ms. McAllister will testify as to her communication with Plaintiff, her attempts to contact Plaintiff, her involvement in decisions and the reasons for her decisions with respect to his employment, as well as the policies and procedures of Trump Plaza.

4. Norca Johnson, Senior Employee Relations Specialist, Trump Plaza. Ms. Johnson will testify as to her own actions and decisions and the reasons therefor, as well as the policies and procedures of Trump Plaza. She will also testify as to her communication with Plaintiff, her involvement and/or knowledge of attempts to contact Plaintiff.

5. Michael DiSalvio
Office Services & Uniform Administration Manager
Mr. DiSalvio will testify to efforts at contacting Plaintiff and his termination.

6. Jose (Tony) Sanza
Mr. Sanza will testify as to his own actions and decisions and the reasons therefor, as well as the policies and procedures of Trump Plaza. He will also testify as to his communication with Plaintiff, his involvement and/or knowledge of attempts to contact Plaintiff.

7. Representative of Airline
Will testify as to the type of ticket purchased by plaintiff and the restrictions and rules relating thereto, as well as procedures of the airline.

PART VI.  **EXPERT WITNESSES**:

Neither party will call expert witnesses.

PART VII.  **EXHIBITS**

A. **Plaintiff's Exhibits**

6

| No. | Description | Date | Bates | Defendant's Objections |
|---|---|---|---|---|
| P-1 | Trump Plaza United Way Donations | | Sarker 00022-Sarker 00023 | Relevance |
| P-2 | Trump Plaza Personnel Action Form | | Sarker 000025 | Relevance |
| P-3 | Trump Plaza HR printout | | Sarker 00026 | Relevance, Foundation |
| P-4 | Letter Regarding Termination | 4/9/2009 | Sarker 000027 | None |
| D-7 | Certification of Healthcare Provider | 3/10/09 | Sarker 000028-Sarker 000029 | Illegible |
| P-5 | Revised Letter | | Sarker 000030 | None |
| P-6 | Letter re: date of return | | Sarker 000031 | None |
| P-7 | Letter re FLMA request | | Sarker 000032 | None |
| P-8 | Plaintiff's Leave of Absence Approval | 1/6/09 | Sarker 000035 | None |
| P-9 | Memo approving leave of absence | 12/2/09 | Sarker 000038 | None |
| P-10 | Leave Approval Form | | Sarker 000073 | None |
| P-11 | Grievance Notice | | Sarker 000104 | Relevance |
| P-12 | Trump letter re: grievance | | Sarker 000106 | Relevance |
| P-13 | 2008 Trump Entertainment Employee Handbook | | Sarker 000137-Sarker 000178 | None |
| P-14 | MD Syedur Rahman Affidavit | 5/7/12 | Sarker 000341-Sarker 000343 | Hearsay Relevance Not produced during discovery |
| P-15 | Mofazzal Hossain Affidavit | 5/7/12 | Sarker 000344-Sarker 000346 | Hearsay Relevance Not produced during discovery |

B.  Defendant's Exhibits

| No. | Description | Date | Bates | Plaintiff's Objections |
|---|---|---|---|---|
| D-1 | Trump Plaza Leaves of Absence Policies | | Sarker 000144-Sarker 0001148 | None |
| D-2 | Trump Plaza Rules of Conduct | | Sarker 000155-Sarker 000158 | None |
| D-3 | Trump Plaza Absenteeism & Tardiness Policy | | Sarker 000164 | None |
| D-4 | Employee Handbook Statement of Understanding | 4/12/2006 | Sarker 000008 | None |
| D-5 | Leave of Absence Request Memo | 12/2/08 | Sarker 000079 | None |
| D-6 | Plaintiff's Leave of Absence Approval | 1/6/09 | Sarker 000035 | None |
| D-7 | Certification of Healthcare Provider | 3/10/09 | Sarker 000028-Sarker 000029 | None |
| D-8 | Letter Regarding Form | 3/18/2009 | Sarker 000070 | None |
| D-9 | Certified Mail Receipt | 3/18/2009 | Sarker 000097 | None |
| D-10 | Plaintiff's Airline Tickets | | | |
| D-11 | Letter Regarding Termination | 4/9/2009 | Sarker 000027 | None |
| D-12 | Certified Mail Receipt | 4/10/2009 | Sarker 000100-Sarker 000102 | None |
| D-13 | Letter Regarding Expected Date of Return | 3/20/2009 | Sarker 000030 | None |
| D-14 | Certified Mail Receipt | 3/21/2009 | Sarker 000099 | Illegible |
| D-15 | Certification of Healthcare Provider | 1/10/08 | Sarker 000040-Sarker 000041 | Relevance |

8

| D-16 | Leave Approval Form | 2/5/08 | Sarker 000045 | Relevance |
|---|---|---|---|---|
| D-17 | Leave Approval Form | 4/14/08 | Sarker 000053 | Relevance |
| D-18 | Certification of HealthCare Provider | 4/1/08 | Sarker 000054-Sarker 000055 | Relevance |
| D-19 | Leave Approval Form | 10/30/07 | Sarker 000064 | Relevance |
| D-20 | Certification of Health Care Provider | 10/14/2007 | Sarker 000062-Sarker 000063 | Relevance |
| D-21 | Mailing Track Sheet | | Sarker 000120 | None |
| D-22 | Track and Confirm Sheets | | Sarker 000121-Sarker 000126 | None |
| D-23 | Excerpts from Plaintiff's Passport | | Sarker 000262-Sarker 00263 | None |
| D-24 | Plaintiff's Deposition Testimony | 11/14/2011 | | For Identification |
| D-25 | Peanut World Employment Records | | Sarker 000226-Sarker 00237 | None |
| D-26 | Harrah's Employment Records | 2/7/2013 | Sarker 000179-Sarker 000225 | None |
| D-27 | Plaintiff's Answers to Interrogatories | | | None |
| D-28 | Plaintiff's Response to Requests for Production of Documents | | | None |
| D-29 | Dr. Sarker records | | Sarker 000249-000261 | None |
| D-30 | Caesars Employment Records | 2/1/2011 | Sarker 000264-Sarker 000312 | None |
| D-31 | Tropicana Employment Records | | Sarker 000313-Sarker 000340 | None |

9

| D-32 | Plaintiff's Response to Requests for Admissions | | | None |
|---|---|---|---|---|
| D-33 | Kuwait Airways Records | | Sarker 000238- Sarker 00248 | None |

## PART VIII. LAW

   A.   Plaintiff

   1. Plaintiff was denied a FMLA benefit in which he was entitled.
   2. Trump received notice of his intention to take FMLA leave.
   3. Trump Plaza failed to give Plaintiff any of the individualized FLMA notices.
   4. Trump fired Plaintiff for requesting FMLA leave.
   5. Plaintiff's FMLA leave had not yet expired when he was terminated.
   6. Plaintiff was prejudiced in the failure of Trump Plaza adequately notifying Plaintiff of his FMLA entitlement.
   7. Plaintiff will request that the jury be charged with the Third Circuit Court of Appeals Model Instructions For Claims Under the Family and Medical Leave Act.

   10.0 FMLA Introductory Instruction
   10.1.1 Interference With Right to Take Leave
   10.1.4 Retaliation For Opposing Actions in Violation of FMLA
   10.4.2 Back Pay — Willful Violation
   10.4.3 FMLA Damages — Other Monetary Damages

   8. Plaintiff will seek attorney's fees and costs pursuant to *Collins v. Alco Parking Corp.*, 448 F.3d 652 (3d Cir. 2006).
   9. Plaintiff will seek prejudgment interest and recovery of costs.

   B.   Defendant

   Defendant's statement of the legal issues in this case:

   1. Whether plaintiff has proved by a preponderance of the evidence that his attempt to utilize FMLA was a legitimate exercise or use of the FMLA.
   2. Whether plaintiff has proved by a preponderance of the evidence that his termination was in retaliation for his use of FMLA leave.
   3. Whether plaintiff has proved by clear and convincing evidence that his termination was a willful violation of the FMLA.

    4. Whether plaintiff has proved by a preponderance of the evidence that he has suffered damage as a result of his termination.

    5. Whether plaintiff has failed to mitigate his damages and is, therefore, barred from recovery.

## PART IX. <u>MISCELLANEOUS</u>

1. The parties intend to file motions in limine in the times permitted by this Court or Court Rule.

2. Plaintiff submits that the relevant Certification of Health Care Provider form (Sarker 000028) is a business record maintained in the regular course of Trump Plaza's business.

3. Plaintiff will object to any testimony or evidence regarding alleged fraudulent use of FLMA leave before 2009 on the grounds that such evidence was not disclosed to Plaintiff as a basis to terminate Plaintiff.

## PART X. <u>NON-JURY TRIALS (If applicable)</u>

Not applicable.

## PART XI. <u>JURY TRIALS (If Applicable)</u>

1. Each party shall submit to the District Judge and to opposing counsel a <u>trial brief</u> or memorandum with citations and authorities and arguments in support of the party's position on all issues of law. The trial brief shall be electronically filed.

2. Each party shall submit to the District Judge and to opposing counsel <u>written requests for charges to the jury</u>. Supplemental requests to charge that could not have been anticipated may be submitted any time prior to the arguments to the jury. All requests for charge shall be on a separate page or pages, plainly marked with the name and number of the case; shall contain citations of supporting authorities; shall designate the party submitting same; and shall be numbered in sequence.

<u>IF</u> you have the capability, the Proposed Requests for Charge should be submitted on computer disk, Work Perfect format. All proposed requests for charges shall be electronically filed, and a paper copy must also be provided.

3. Each party shall submit to the judge and to opposing counsel <u>proposed voir dire questions.</u>

**EACH OF THESE ITEMS IS TO BE FILED PRIOR TO THE FIRST TRIAL DATE EVEN IF THE CASE IS CONTINUED.**

COUNSEL ARE ON NOTICE THAT FAILURE TO PROVIDE TIMELY COMPLIANCE WITH THE REQUESTS OF PART X AND XI MAY RESULT IN THE POSTPONEMENT OF TRIAL AND THE ASSESSMENT OF JUROR AND OTHER COSTS AND/OR THE IMPOSITION OF SANCTION.

## CONCLUDING CERTIFICATION

We hereby certify by the affixing of our signatures to this Final Pretrial Order that it reflects the efforts of all counsel and that we have carefully and completely reviewed all parts of this Order prior to its submission to the Court. Further, it is acknowledged that amendments to this Joint Final Pretrial Order will not be permitted except where the Court determines that manifest injustice would result if the amendment is not allowed.

Attorney for Plaintiff:

/s/ John P. Mueller

John P. Mueller, Esquire
Ansa Assuncao, LLP
Two Tower Center Blvd., Suite 1600
East Brunswick, New Jersey 08816-1100
Phone: (732) 993-9850
Email: john.mueller@ansalaw.com

Attorney(s) for Defendant(s):

/s/ Amy E. Rudley

Russell L. Lichtenstein, Esquire
Amy E. Rudley, Esquire
Cooper Levenson April Niedelman & Wagenheim, P.A.
1125 Atlantic Avenue, Third Floor
Atlantic City, New Jersey 08401
Phone (609)572-7676
Email: rlichtenstein@cooperlevenson.com
       arudley@cooperlevenson.com

Entry of the foregoing Joint Final Pretrial Order is hereby APPROVED this _____ day of _____, 2013.

_____
Honorable, Joel Schneider
UNITED STATES MAGISTRATE JUDGE United States District Court
For the District of New Jersey

CLAC 2059471.1

12