# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAPAL SARKER, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) Case No. |
| v. | ) 1:10-cv-04243-JHR-JS |
| | ) |
| TRUMP ENTERTAINMENT | ) NOTICE OF MOTION |
| RESORTS, INC. d/b/a TRUMP | ) |
| PLAZA HOTEL AND CASINO, | ) Return Date: |
| | ) July 7, 2014 |
| *Defendant*. | ) |

To:   Russell L. Lichtenstein, Esq.
      E-Mail: rlichtenstein@cooperlevenson.com,
      Amy E. Rudley, Esq.
      E-Mail: arudley@cooperlevenson.com
      **Cooper Levenson**
      1125 Atlantic Avenue
      Atlantic City, NJ 08401
      Direct Dial: (609) 572-7408
      Direct Fax: (609) 572-7409

**PLEASE TAKE NOTICE** that on Monday, July 7, 2014, at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiff, Tapal Sarker, shall apply to the United States District Court for the District of New Jersey, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Street, for an Order of the Court pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to amend the Judgment entered on May 27, 2014 to include prejudgment and post-judgment interest, and reasonable attorney's fees and costs.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff will rely upon the Memorandum of Law in Support of the Motion.

**PLEASE TAKE FURTHER NOTICE** that oral argument is hereby requested.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is annexed hereto.

Dated:  June 13, 2014                              Respectfully submitted,

/s/ John P. Mueller
John P. Mueller, Esq.
john.mueller@ansalaw.com
**ANSA ASSUNCAO LLP**
Two Tower Center Blvd.,
Suite 1600
East Brunswick, NJ  08816
Ph: (732) 993-9850
Fax: (732) 993-9851

*Attorneys for Plaintiff Tapal Sarker*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAPAL SARKER,<br><br>*Plaintiff*,<br><br>v.<br><br>TRUMP ENTERTAINMENT RESORTS, INC. d/b/a TRUMP PLAZA HOTEL AND CASINO,<br><br>*Defendants*. | Case No.<br>1:10-cv-04243-JHR-JS |

**PLAINTIFF'S MOTION TO AMEND JUDGEMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure Plaintiff moves to amend the Judgment entered on May 27, 2014 to include prejudgment and post-judgment interest, reasonable attorney's fees and costs. The supporting Memorandum of Law is attached hereto.

Dated: June 13, 2014                             Respectfully submitted,

<u>/s/ John P. Mueller</u>
John P. Mueller, Esq.
john.mueller@ansalaw.com
**ANSA ASSUNCAO LLP**
Two Tower Center Blvd.,
Suite 1600
East Brunswick, NJ  08816
Ph: (732) 993-9850
Fax: (732) 993-9851

*Attorneys for Plaintiff Tapal Sarker*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAPAL SARKER, *Plaintiff,* v. TRUMP ENTERTAINMENT RESORTS, INC. d/b/a TRUMP PLAZA HOTEL AND CASINO, *Defendants.* | Case No. 1:10-cv-04243-JHR-JS |

---

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO AMEND JUDGMENT

---

ANSA ASSUNCAO LLP
(A Pennsylvania Limited Liability Partnership)
Two Tower Center Blvd., Suite 1600
East Brunswick, New Jersey 08816-1100
(732) 993-9850

*Attorneys for Plaintiff Tapal Sarker*

I.  **PRELIMINARY STATEMENT**

Plaintiff, Tapal Sarker, is a former employee of Defendant Trump Entertainment Resorts, Inc. d/b/a Trump Plaza Hotel and Casino ("Trump Plaza"), and brought suit pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601("FMLA"), alleging interference and retaliation. After a three-day trial, the jury found Trump Plaza had willfully violated Plaintiff's FMLA rights and awarded Plaintiff $47,500 in compensatory damages. This Court entered judgment on that verdict on May 27, 2014. (Dkt. No. 81). Plaintiff now brings this Motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to amend the Judgment to include prejudgment and post-judgment interests, including reasonable attorney's fees and costs.

II.  **ARGUMENT**

A.  **Prejudgment Interest**

A prevailing Plaintiff under the FMLA is entitled to prejudgment interest. Title 29 U.S .C. § 2617(a)(1) provides the following damages for an employee against an employer who violates the FMLA:

> Any employer who violates section 105 [29 U.S.C. § 2615] shall be liable to any eligible employee affected
> (A) for damages equal to—
> (I) the amount of—
> (I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or

> (II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks (or 26 weeks, in a case involving leave under section 2612(a)(3) of this title) of wages or salary for the employee;
> **(ii) the interest on the amount described in clause (I) calculated at the prevailing rate.**

29 U.S .C. § 2617(a)(1).

It is well-established that prejudgment interest is an appropriate form of relief to be awarded in the court's discretion to a successful claimant's award of back pay loss. *Starceski v. Westinghouse Electric Corp.*, 54 F.3d 1089 (3d Cir. 1995); *Gelof v. Papineau*, 829 F.2d 452 (3d Cir. 1987). The Third Circuit has stated that there is "a strong presumption in favor of awarding prejudgment interest, except where the award would result in 'unusual inequities.'" *Booker v. Taylor Milk Co., Inc.*, 64 F.3d 860, 868 (3d Cir. 1995).

The award of prejudgment interest in employment discrimination cases is a matter left to the discretion of the district court. *Weiss v. Parker Hannifan Corp.*, 747 F. Supp. 1118, 1133 (D.N.J. 1990). Third Circuit has stated that the district court may look to the interest rate contained in the federal postjudgment interest statute, 28 U.S.C. § 1961, for guidance as to determining prejudgment interest. *Sun Ship, Inc. v. Matson Navigation, Co.*, 785 F.2d 59, 63 (3d Cir. 1986). Other

courts have used the Federal Reserve annual prime rate for the calculation. *See IMX, Inc. v. LendingTree, LLC*, 469 F. Supp. 2d 203, 227 (D. Del. 2007).

The FMLA is silent on the amount of prejudgment interest that is appropriate. Section 1961(a) of Title 28 provides for post-judgment interest as follows:

> Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of the fifty-two week United States Treasury bills settled immediately prior the date of judgment.

28. U.S.C. 1961(a). Prejudgment interest is owed from the date the Plaintiff's employment was terminated, March 28, 2009, to the date judgment was entered, May 27, 2014. In *Weiss*, the court noted that interest may be compounded monthly, but simplicity is achieved by an annual compounding of interest. 747 F. Supp. at 1134 n.4

Plaintiff believes that simplicity and equity warrants a prejudgment interest calculation that takes the approximate average between the annual 52-Week T-Bill rate during the pertinent time period (.41% to .16%) and the Federal Reserve Annual prime rate (this has remained fixed at 3.25% during the pertinent time period) (*See* http://www.treasury.gov /resource-center/data-chart-center/interest-rates/ (last visited June 4, 2014). That average rate is approximately 2%.

3

Simplicity warrants that it be compounded annually, although monthly compounding would generate more interest.

Plaintiff believes that the annual 52-Week T-Bill rate is unusually and prejudicially low given the last several years of economic decline. Having forgone monthly compounding, Plaintiff argues that an equitable compromise can be achieved by applying 2% interest on the Judgment of $47,500. Using the total days in the pertinent time period, the total prejudgment interest owed is $5,124.00, as set forth in the chart below:

| Year | Days | 52 Week Annual T-Bill Rate | Annual Prime Rate | Average Rate | Interest (compounded annually) |
|---|---|---|---|---|---|
| 2009 (Terminated 3/28/09) | 280 | .41 | 3.25 | 2.0 | $729 |
| 2010 | 365 | .31 | 3.25 | 2.0 | $965 |
| 2011 | 365 | .11 | 3.25 | 2.0 | $984 |
| 2012 | 365 | .16 | 3.25 | 2.0 | $1004 |
| 2013 | 365 | .16 | 3.25 | 2.0 | $1024 |
| 2014 (Judgment May 27, 2014) | 146 | .16 | 3.25 | 2.0 | $418 |
| Total | | | | | $5124 |

### B. Postjudgment Interest

Plaintiff also seeks postjudgment interest pursuant to 28 U.S.C. § 1961. Section 1961 provides for postjudgment interest automatically as a matter of law until the judgment is satisfied. 28 U.S.C. § 1961(a).

### C. Attorney's Fees and Costs

Plaintiff has contemporaneously filed a motion of fees and costs and he requests that the Court amend the Judgment to include those fees and costs that are found to be reasonably incurred.

## III. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests pursuant to Rule 59(e) of the Federal Rules of Civil Procedure that the Court grant Plaintiff's Motion to Amend Judgment to include prejudgment and post judgment interest, attorney's fees and costs.

Dated: June 13, 2014

Respectfully submitted,

/s/ John P. Mueller
John P. Mueller, Esq.
john.mueller@ansalaw.com
**ANSA ASSUNCAO LLP**
Two Tower Center Blvd.,
Suite 1600
East Brunswick, NJ 08816
Ph: (732) 993-9850
Fax: (732) 993-9851

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAPAL SARKER,<br><br>*Plaintiff,*<br><br>v.<br><br>TRUMP ENTERTAINMENT RESORTS, INC. d/b/a TRUMP PLAZA HOTEL AND CASINO,<br><br>*Defendants.* | Case No.<br>1:10-cv-04243-JHR-JS<br><br>[PROPOSED]<br>ORDER |

IT IS on this _____ day of _____, 2014,

**O R D E R E D**, that upon consideration of Plaintiff's Motion to Amend Judgment, and any opposition or reply filed thereto, and hearing argument from counsel, IT IS HEREBY O R D E R E D that Plaintiff's Motion is GRANTED;

**IT IS FURTHER ORDERED** that the Judgment entered May 27, 2014 [Docket No. 81] is Amended to include the following:

1. Prejudgment Interest:_____.

2. Post judgment Interest:_____.

3. Attorney's Fees:_____.

4. Costs:_____.

**IT IS FURTHER ORDERED** that pursuant Judgment shall be entered in favor of Plaintiff, and against Defendant Trump Entertainment Resorts, Inc. in the amount of_____.

_____
HON. JOSEPH H. RODRIGUEZ,
U.S.D.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAPAL SARKER, | |
| *Plaintiff*, | |
| v. | Case No. 1:10-cv-04243-JHR-JS |
| TRUMP ENTERTAINMENT RESORTS, INC. d/b/a TRUMP PLAZA HOTEL AND CASINO, | **CERTIFICATION OF SERVICE** |
| *Defendants.* | |

I hereby certify that on June 13, 2014, I electronically filed the annexed Motion to Amend Judgment with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Russell L. Lichtenstein, Esq.
E-Mail: rlichtenstein@cooperlevenson.com,
Amy E. Rudley, Esq.
E-Mail: arudley@cooperlevenson.com
**Cooper Levenson**
1125 Atlantic Avenue
Atlantic City, NJ 08401
Direct Dial: (609) 572-7408
Direct Fax: (609) 572-7409

I hereby certify that the above statements made by me are true. I am aware that if any of the above statements made by me are willfully false, I am subject to punishment.

/s/ John P. Mueller
John P. Mueller, Esquire
ANSA ASSUNCAO, LLP

*Attorney for Plaintiff Tapal Sarker*
